{¶ 12} I respectfully dissent.
 {¶ 13} First, I would note that Crumpton was sentenced to prison in August 2001 and released in August 2003. Therefore, I would dismiss his appeal as moot.
 {¶ 14} Crumpton seeks to reduce his prison term by the 120 days he spent in the Fresh Start program. The majority wants to remand to the trial court for a hearing so a record can be developed as to the nature of the Fresh Start program. However, even if the court held a hearing and granted Crumpton credit for time served in Fresh Start, he cannot now obtain a reduction in his prison term because he was released months ago. We cannot require the trial court to perform a vain act.
 {¶ 15} Secondly, I would affirm the trial court's denial of credit for time spent at Fresh Start because Crumpton failed to offer any evidence by way of affidavit to justify the court's finding Fresh Start constituted "confinement." The majority states that "in the absence of a hearing there is no way to * * * determine the true level of confinement at this facility." I strongly disagree.
 {¶ 16} Crumpton filed his motion for jail time credit over a year after he had been sent to prison. The majority now places the onerous burden on the trial court to bring an inmate back for such a motion hearing when an affidavit attached to the motion would have sufficed.